UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

RAFAEL RIVERA,                                  :
                                                :
                                Plaintiff,      :        05CV6500 (HB)
                                                :
                -against-                       :        **OPINION & ORDER**
                                                :
HORIZON OFFSHORE CONTRACTORS, INC.              :
WEEKS MARINE, INC., TOM ALLEN                   :
CONSTRUCTION COMPANY, MEARS/HDD, LLC            :
AND MEARS GROUP, INC.                           :
                                                :
                                Defendants.     :

-------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Before the Court is a motion to remand a case that was previously removed to this Court from Supreme Court of the State of New York, County of Bronx. For the reasons stated below, Plaintiff's motion to remand is GRANTED.


I.      BACKGROUND

On June 24, 2005, Rafael Rivera ("Plaintiff" or "Rivera") commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of Bronx. Plaintiff's Complaint alleges claims against Horizon Offshore Contractors, Inc., Weeks Marine, Inc., Tom Allen Construction Company, Mears/HDD, LLC, and Mears Group, Inc. (collectively "Defendants") for an incident that occurred while Plaintiff was working aboard a barge off the shore of Hunts Point, New York. Specifically, the Complaint alleges that Plaintiff was injured as a result of the defendants' negligence and alleged "breach of various statutes, rules and regulations, including but not limited to those of the United States of America, the State of New York, the United States Coast Guard, the United States Army Corps. of Engineers and the U.S. Occupational Safety and Health Administration." (Complaint at ¶ 51.) The Complaint includes allegations of negligence due to the unseaworthiness of the vessel. Finally, pursuant to 33 U.S.C. § 905(b) and 933, commonly known as the Longshore and Harbor Workers Compensation Act ("LHWC"), Plaintiff has brought a claim against Weeks Marine for vessel negligence.

1

On July 18, 2005, Defendant Weeks removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441. Then Plaintiff filed the instant motion to remand this action to state court.

## II. DISCUSSION

In order to determine whether remand is proper, the Court must determine if it has subject matter jurisdiction. The jurisdictional statute states: "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. 1333(1). The "saving to suitors" clause means that defendants may not remove an in personam common law maritime case brought in state court absent an alternative jurisdictional basis such as diversity or federal question. Pierpoint v. Barnes, 94 F.3d 813, 816 (2d Cir. 1996); Madruga v. Sup. Ct. of Cal., 346 U.S. 556, 560-61 (1954). A maritime claim cannot be removed to this Court simply by alleging federal question jurisdiction under § 1331 by virtue of alleging a section of federal maritime law. Romero v. Int'l Terminal Operation Co., 358 U.S. 354, 371 (1959).

Defendants argue that Plaintiff raises federal issues in three ways: (1) by pleading that injury was caused by negligence due in part to Defendants' "breach of various statutes, rules and regulations, including but not limited to those of the United States of America, the State of New York, the United States Coast Guard…" (Complaint at ¶ 51); (2) by pleading that Defendants breached the United States Occupational Safety & Health Administration ("OSHA"), 29 U.S.C. 651-678, and (3) because Plaintiff has brought a claim against Weeks Marine for vessel negligence pursuant to 33 U.S.C. § 905(b) and 933, commonly known as the Longshore and Harbor Workers Compensation Act ("LHWC"). Plaintiff argues that his claim of negligence and any references to breaches of various federal statutes, rules and regulations does not give rise to a federal cause of action, but rather simply supports his negligence claim.

Alleging a general breach of federal law as part of a claim of negligence is not enough to meet the standards of the well-pleaded complaint rule. See Little v. RMC Pacific Materials, Inc., 2005 U.S. Dist. LEXIS 14338 (N.D. Cal. July 11, 2005). In Little, the complaint alleged that the action was "brought under all other applicable state and federal

statutes and laws." Id. at *8.  Here, the Complaint includes two federal statutes specifically, OSHA and the LHWC.  Still this is not enough to plead a federal question under the well-pleaded complaint rule.

Plaintiff's first cause of action for negligence includes general allegations that the Defendants breached a variety of state and federal rules and regulations, and specifically mentions that OSHA standards were violated.  This does not mean that Plaintiff's right to relief necessarily depends on federal law.  Insofar as OSHA is concerned, the Plaintiff should be apprised and this may do it, that there is no private right of action under OSHA and thus this claim would not proceed. See, e.g., Ries v. Amtrak, 960 F.2d 1156, 1164 (3d Cir. 1992) citing United Steelworkers of Am. V. Marshall, 647 F.2d 1189, 1235-36 (D.C. Cir. 1980); Dravo Corp. v. Occupational Safety & Health Review Comm'n, 613 F.2d 1227, 1230 n. 2 (3d Cir. 1980); Jeter v. St. Regis Paper Co., 507 F.2d 973, 976-77 (5th Cir. 1975).

This concept is explored in Stephens v. Daimler Chrysler Corp., a case with a fact pattern similar to the one at bar.  323 F.Supp. 2d 650, 653 (E.D.Pa. 2004).  Plaintiff alleged that defendants each failed to comply with numerous safety standards, including OSHA. Defendants removed to federal court and the district court remanded having concluded that pleading a violation of OSHA as an element of a cause of action for negligence did not establish federal subject matter jurisdiction because OSHA did not create a private cause of action.  Even though this was not a "saving to suitors" case, the reasoning is the same.

The same is true for the LHWCA for purposes of removal.  Congress never intended to "alter the accepted understanding that federal jurisdiction would co-exist with state compensation laws."  See Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 717-18 (1980)(holding that the LHWCA did not preempt state workers' compensation laws). Section 905(b) of the LHWCA merely preserves an injured worker's right to recover damages from third parties in accordance with non-statutory negligence principles, it does not create an independent cause of action.  Heim v. New York, 442 F. Supp. 35, 38 (E.D.N.Y. 1977)(citing Parker v. South Louisiana Contractors, Inc, 537 F.2d 113, 118 (5th Cir. 1976)).

Defendants repeatedly cite Finance & Trading Ltd. v. Rhodia S.A., 2004 U.S. Dist. LEXIS 24148 (S.D.N.Y. Nov. 30, 2004), to describe the criteria necessary to remove an

action from state court, which will ordinarily defeat a remand motion. They include artful pleading in the complaint that attempts to thwart removal, and preemption by federal law. Inspection of the Complaint here shows that none of these criteria are met. Defendants also make the incorrect suggestion that this case stands for the proposition that any federal issues apparent from the face of the complaint would be enough for removal. But the case fails to stand for that proposition, rather, the Chief Judge writes that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Id. at *19 citing Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand to the Supreme Court of the State of New York, County of Bronx, is GRANTED. The Clerk of the Court is instructed to close this motion and any open motions and remove this case from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**November 10, 2005**

_____
U.S.D.J.